June 22, 2009          Via Telefax (206) 370-8551 - Original to Follow Via Post

___FILED ___ENTERED
___LODGED___RECEIVED
JN 2 5 2009   DJ
AT SEATTLE
K U.S. DISTRICT COURT
DISTRICT OF WASHINGTON
DEPUTY

To:     Mr. Steven McNickle

        07-CR-00410-APPL

From:   Beverlee Kamerling

Re:     In the interest of justice - additional pertinent information pursuant to Case CR 07-410 RAJ

Dear Mr. McNickle:

I understand that you, as Senior Probation Officer, are responsible to the court, entitled to and required to have any and all information that would cause you and the court to make the most effective, knowledgeable and correct determination for a "fair" and "just" outcome while being responsible for the safety of the community as to recidivism. The following documents were presented to Robert Kondrat, Assistant US Attorney and FBI Agent, Joseph Quinn on April 6, 2009, when they both visited with me at the Federal Detention Center. I respectfully submit the following documents:

1.  Copy of the Business Conduct Memorandum outlining several business instances known to the FBI and the US Attorney's Office where I ensured that the management of several publicly held companies adhere to the strictest legal compliance of the Securities and Exchange Commission's rules and regulations.

2.  Copy of the request to Mr. Carl Blackstone of the US Attorney's Office to allow a securities law expert to act as jurisconsult in concert with my defense attorneys, and to interface with the Assistant US Attorney's Office to educate both the government and the defense attorneys as to securities laws, rules and regulations. This request was summarily denied by both the US Attorney's Office and the Federal Public Defenders Office.

As a result of that denial and to "settle" this case, I decided to accept a plea agreement as the most reasonable alternative to a four to six week trial against the full force and resources of the federal government while still being detained in custody. I swore to tell the truth. I did tell the truth. I will continue to tell the truth. I did commit those acts; however, I did not believe that those acts were against the law and had no intent of being in violation of any laws. Also, the government wanted to include "among other misinformation" and "with intent to deceive" in the verbiage contained within the "securities violation" plea. I would not and did not accept those two statements as they were not true. I did not cause "among other misinformation" to be submitted and did not have "with intent to deceive". Those two statements were not true and I was sworn to tell the truth. I told Judge Leighton

that I would "stand in front of a freight train in order to tell the truth" and refused to sign the plea agreement until that specific verbiage was removed. When the plea agreement came back from the government for signatures, those two untrue statements were still included in the plea agreement. I suspect that it was the government's belief that I would not re-read the statement(s). I again refused to sign until those two statements, which were intentionally false and misleading, were removed. The government tried one more time to include the false and misleading statements by telling my attorney that those two statements were removed and handed the plea agreement to my attorney, Mr. Peter Avenia, and my attorney handed me the plea agreement for signature. Again, I read the verbiage and told my attorney and the prosecutors that I would not sign an untruthful statement. The government finally removed those two statements (six words) that intentionally distorted the facts and my intent pursuant to the disclosure statement event that I plead to. At 5:30 PM or so, the plea agreement was finally revised and I signed the plea agreement, however the government could have distorted other parts of the plea agreement as I was only focusing on the "securities violation" portion and everyone was telling me to sign and that the plea agreement was now correct. It was late and the judge, prosecutors and lawyers all wanted to leave the courthouse. We had started negotiations that day at 9:00 AM.

I discussed the "restitution" factor prior to signing the plea agreement with my attorney, Peter Avenia. Mr. Avenia said that neither myself nor my son would be affected by the restitution clause as the other co-defendants received 100% of the proceeds and neither my son nor myself received any "ill-gotten gain". Mr. Avenia further stated that the court would look to those co-defendants who did profit and participate in the scheme to pay the restitution. I now do not believe that to be the case after discussing the restitution clause with other legal counsel. I have asked Mr. Avenia several times to contact the prosecutor's office to delete the restitution clauses, for both myself and my son, prior to sentencing. Please see the plea hearing transcript as to the mitigating circumstances of the "crimes" and the declaration regarding the restitution noted in the acceptance of those plea agreements in my statements made to Judge Benjamin Settle on April 23, 2009 in Federal District Court, Tacoma, Washington.

At the meeting with Robert Kondrat and Agent Quinn on April 6, 2009, I also disclosed brief portions of my extensive and accurate complaint ("Complaint") to be submitted to the Chief of Public Integrity, William C. Welch II, Public Integrity Section, Department of Justice. The Complaint involves this investigation, the criminal indictment and specific prosecutorial misconduct of the US Attorney's Office and Pretrial Services. All occurrences of egregious government misconduct are cited in detail in the Complaint and are supplemented with court transcripts, exhibits and documentation. These court transcripts, exhibits and documentation are contrary to both government testimony and lawful government procedures. Even though I stated in my letter to Mr. Carl Blackstone that I would be submitting the Complaint within the "next few days", I have not yet done so as I have significantly expanded the original Complaint and submitted the draft copies to several respected criminal attorneys for their advice and comments. There is the possibility that

additional complaints will be included. I also need to select the most appropriate attorney's office through which to submit the Complaint.

I would not expect the US Attorney's Office to provide your office or the court with any of the extensive positive information that has been collected from their investigation regarding my business and personal conduct. I believe that all positive information regarding my conduct has been either deleted or never entered in their existing files. As an example, please note that on the face of the indictment, one of my alleged "aliases" is "Pamela McMillan". This has never been corrected with the court or with the judge. Not only is "Pamela McMillan" a real person who worked in my office, but "Pamela McMillan" is my sister-in-law and married to my brother, Reverend Donald L. McMillan. My brother was a chaplain for the FBI-Portland Office and later, the resident chaplain for the Monroe Correctional Facility, Monroe, Washington. The FBI had this information prior to the indictment being issued and did not correct this allegation, among other allegations that they knew to be unequivocally false and misleading. Additionally, I have asked my defense attorneys to research and provide your office and the court with a significant amount of information that I believe would be pertinent and influential in my case. To date, my defense attorneys have not complied with my several requests for documentation and research information to be presented to your office and to the court. This dismissal and/or delay of requests for documents and research causes me concern that this pertinent information will never reach your office and the court. Therefore, I am sending this letter and enclosures to your office so that both your office and I will have a copy for my records in the event that I may have to file an appeal with the 9th Circuit Appellate Court.

Further in the interest of justice, I am directing you to the following website, www.law.uc.edu.CCL/34ARls/rule15c2-11.html. This is the website that is used exclusively by the Securities and Exchange Commission ("SEC") for their updated rules and regulations. This legal resource of regulatory requirements is updated weekly. This website will demonstrate to your department, the court and the US Attorney's Office that the requirement to disclose any "advisors" to any public company disclosure statement was such a "non-event" and was so unimportant as far as public information and disclosure was concerned, that the SEC's requirement of "advisor disclosure" has been removed from SEC's list of information required on their current public company information disclosure statements - See Items Rule 15c2-11 -- "Initiation or Resumption of Quotations without Specified Information", Preliminary Note: a-5.- i. through xvi. I have asked my defense lawyers several times to research as to what date this "advisor disclosure" requirement was removed by the SEC as the date of that requirement removal may have been prior to my not naming myself as an "advisor" (again, such omission of myself as an "advisor" was upon reliance of the opinion issued to me by qualified securities legal counsel), which is the subject of this violation, resulting in the crime of "conspiracy to commit securities fraud". I am hereby notifying you of the above as to that requirement's limited importance so that you can make a well informed and knowledgeable recommendation to the court commensurate with my sentencing pursuant the above plea agreement and degree of INTENT and CULPABILITY.

3

I am currently researching federal obstruction cases and pleas thereto to provide an accurate sentencing base imposed by the federal courts for any known case with one similar "obstruction" occurrence, if any. As previously mentioned, the one "obstruction" event plead to was a snippet of a telephone conversation on June 22, 2009 whereby I requested that my friend not randomly divulge or gossip about his being sought for the serving of a subpoena for documents by the Grand Jury. This subpoena was for the production of documents pursuant to America Asia Energy Corporation, not myself personally. This brief conversation was recorded by the FBI one week prior to any notification that I was personally a Grand Jury target when a search warrant was implemented on June 29, 2006. I did not EVER interfere with my friend's Grand Jury testimony or the testimony of any Grand Jury witness or potential witnesses. When and if I can locate any similar case of a sole count of "obstruction" being plead to, where the defendant is charged and convicted of "obstruction" while not interfering with any Grand Jury testimony or any Grand Jury witnesses or production of any evidence subpoenaed by the Grand Jury, I will submit a copy to your office for review. I will also maintain a copy for my records.

Again, thank you for being independent and thoughtful in reviewing all of the aspects of this case (not presented by the government) and my lifetime of non-criminal history. I am 65 years of age, remarkably healthy having led a very clean life and look forward to spending the remainder of my years with my mother, age 86 and son, age 24, who is my co-defendant. It is inconceivable and illogical to any independent observer that I would decide to commit a crime at age 63, for no financial gain either planned, realized or promised and to place my only child in harm's way by involving my child in some "nefarious" scheme where he would also not receive any financial gain and be subject to legal prosecution. The government's witnesses have stated that neither Nicholas nor myself had any knowledge or participation in their stock schemes. I do not believe that the court has been appraised of these facts and have only been subjected to the perversion, distortions and omissions of the truth continually proffered by the government since the commencement of these proceedings in December 2007. All of the perversion, distortions and omissions of the truth have been well documented in my Complaint to the Public Integrity Section, Department of Justice. I do not fault Judge Richard A. Jones or the court in any way. Judge Richard A. Jones relied and ruled upon the continual false and misleading statements as testified, under oath, by the government and Pretrial Services. At the time of sentencing on August 7, 2009, both my son, Nicholas Alexander, and I will have been incarcerated in a maximum security prison for almost 11 months and under house arrest for an additional 10 months, prior to detainment. Supreme Court Justice, Louis Brandeis said that "Sunlight was the best disinfectant". Let the truth be the "sunlight" that is sorely needed in this case.

Enclosures (2)

4